IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. VOLKMANN,

               Plaintiff,

       v.                                       ORDER

                                                08-cv-325-slc

WISCONSIN LABORERS' HEALTH FUND,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. VOLKMANN,

               Plaintiff,

       v.                                       ORDER

                                                08-cv-326-slc

WISCONSIN LABORERS' PENSION FUND,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In these two actions, plaintiff David Volkmann is suing defendants Wisconsin Laborers' Health Fund and Wisconsin Laborers' Pension Fund under the Employee Retirement Income Security Act for reinstatement of his contributions to the defendant funds, or in the alternative for the return of all contributions paid into the funds along with interest and other costs. According to this court's October 7, 2008 order, the parties were given an extension of time until November 7, 2008, in which to submit dispositive motions. On November 7, 2008, defendants filed a motion for summary judgment in both cases along with a brief, proposed findings of fact, and affidavits. On November 26, 2008, plaintiff filed a packet of documents in both cases titled "plaintiff's motion for summary judgment," "plaintiff's brief" and "response to defendant's proposed findings of fact," respectively, along with an affidavit and attached exhibits. The court,

which had already set a briefing schedule on defendants' summary judgment motion, set another briefing schedule on plaintiff's motion.

In plaintiff's submissions, this court gives effect to the substance of the documents and not to their captions.  See, e.g., Smith v. Barry, 502 U.S. 244 (1992); Godoski v. United States, 304 F.3d 761 (7th Cir. 2002).  Although the first document in plaintiff's packet clearly requests that this court enter summary judgment in his favor, looking at this packet as a whole, it appears that plaintiff intended to respond to defendants' motion for summary judgment rather than bring his own motion for summary judgment.  In particular, plaintiff's brief is made up almost exclusively of rebuttals to arguments made by defendants in their brief in support of their motion for summary judgment, and plaintiff's "response to defendant's proposed findings of fact" is indeed a response, as it lists proposed facts put forth by defendants and then states whether plaintiff disputes them.  These documents, along with the affidavit and attached exhibits submitted by plaintiff, will be considered as his response to defendants' motion for summary judgment, and defendants should submit their materials in reply to plaintiff's submissions in accordance with the briefing schedule on that motion.  To the extent plaintiff may have intended to file his own motion for summary judgment, that motion will be denied because it was submitted on November 26, 2008, almost three weeks after the November 7, 2008 deadline for dispositive motions set by this court.  In light of this analysis, I will cancel the briefing schedule for plaintiff's motion for summary judgment.

Finally, in conjunction with his summary judgment submissions, plaintiff has also submitted a motion to amend his complaints in both cases to add "Wisconsin Laborers' Fringe

Benefit Funds" as a defendant.  As was stated in this court's preliminary pretrial conference order issued on July 2, 2008, the deadline to amend the pleadings was August 15, 2008, and any motion to amend a pleading after the deadline would be granted only upon a showing of good cause for the late amendment and lack of prejudice to the other parties. See also Fed. R. Civ. P. 15(a)(2) (court may grant leave to amend "when justice so requires").  Because this litigation has already reached the summary judgment stage, it is far too late for plaintiff to amend his complaint to add a defendant, especially considering plaintiff fails to show why it is necessary to add Wisconsin Laborers' Fringe Benefit Funds to this action when he is already suing its apparent constituent parts.  Therefore, I will deny his motion to amend the complaint.


ORDER

IT IS ORDERED that:

1. Plaintiff's response to defendants' proposed findings of fact, brief and affidavit with attached exhibits (Dkt. ##24-26, all docket numbers refer to both cases) will be considered as his response to defendants' motion for summary judgment (Dkt. #17), and defendants should submit their materials in reply to plaintiff's submissions in accordance with the briefing schedule on that motion.

2.  Plaintiff's motion for summary judgment (Dkt. #23) is DENIED.  The briefing schedule set on this motion is cancelled.

3. Plaintiff's motion to amend the complaint to add a defendant (Dkt. #27) is DENIED.

Entered this 5th day of December, 2008.

                      BY THE COURT:

                      /s/

                      _____
                      BARBARA B. CRABB
                      District Judge